UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCESCA RECORDS and JOHN W. GEILS, JR., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 12-11419-FDS |
| v. | ) ) | |
| GEILS UNLIMITED RESEARCH, LLC; T&A RESEARCH & DEVELOPMENT CORP.; GEILS REUNION; NICK BEN-MEIR; SETH JUSTMAN; DANIEL KLEIN; RICHARD SALWITZ; and PETER BLANKFIELD, a/k/a PETER WOLF, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER
ON PLAINTIFFS' MOTION TO DISMISS OR STRIKE

**SAYLOR, J.**

This action arises out of a dispute over the rights to the name of a famous rock band. The J. Geils Band was formed in the late 1960s and rose to commercial success beginning in the 1970s. One of the band members, John W. Geils, Jr., has had a falling out with the other members of the band, and a dispute has arisen as to who owns the trademarks GEILS, J. GEILS, JAY GEILS, and J. GEILS BAND.

Both Geils and Francesca Records, his record label as a solo artist, contend that they own the trademarks. They have brought this action against the remaining members of the band, the band's manager, and the entities that manage the band's reunion performances. Defendants are the four remaining members of the band (Seth Justman, Daniel Klein, Richard Salwitz, and Peter

Blankfield, a/k/a Peter Wolf); the band's manager (Nick Ben-Meir); T&A Research & Development Corporation (an entity created by the band in the 1970s); Geils Unlimited Research, LLC (an entity formed in 2012 for the purposes of a reunion tour); and Geils Reunion (a partnership through which the band organized performances in 1999 and 2009 through 2011). Defendants contend that they own the trademarks pursuant to an agreement entered into in 1982.

Plaintiffs seek declaratory judgments that they are the sole owners of the trademarks, that the 1982 agreement is invalid or unenforceable, and that T&A is not a valid corporation. Plaintiffs also bring claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, against defendants T&A and Geils Unlimited; unfair and deceptive business practices under Mass. Gen. Laws ch. 93A against all defendants; tortious interference against T&A; and breach of fiduciary duty against the individual defendants. Plaintiffs also seek an accounting against defendants T&A and Geils Reunion.

After the Court denied defendants' motion to dismiss the complaint, defendants filed an answer that included a counterclaim with twelve separate counts. Counterclaim Counts 1 - 5 seek declaratory judgments; Counts 6 - 8 allege violations of trademark law; Count 9 alleges a violation Mass. Gen. Laws ch. 93A; and Counts 10 - 12 assert state-law tort and breach-of-contract claims. Plaintiffs have moved to dismiss or strike the counterclaim counts, or, in the alternative, for more definite statements as to each.[1] For the reasons set forth below, the motion

---

[1] It is not entirely clear under which federal rule, or rules, plaintiffs are proceeding. Although it is styled as a "motion to dismiss for failure to state a claim or strike; or, in the alternative, for a more definite statement," it does not specifically invoke Fed. R. Civ. P. 12(b)(6). Furthermore, the majority of the argument in plaintiffs' briefing is based on Fed. R. Civ. P. 12(f), which permits the Court to strike certain items from pleadings, and Fed. R. Civ. P. 12(e), which permits a party to move for a more definite statement. Accordingly, the Court will analyze the motion with respect to each counterclaim count under either, or both, of these rules depending on the substance of the specific arguments put forth.

will be denied.

**I.     Standard of Review**

    **A.     Rule 12(f)**

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) specifically gives the Court discretion as to whether or not to strike a particular matter, and motions to strike are generally disfavored. *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 92 (D. Mass. 2009); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)); *see also* ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (3d ed. 2002) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). Here, as set forth in greater detail below, plaintiffs have offered no compelling reason why the Court should exercise its discretion to strike any of the counterclaim counts.

    **B.     Rule 12(e)**

Pursuant to Fed. R. Civ. P. 12(e), a "party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." A court should not grant a motion for a more definite statement when the degree of detail sought exceeds federal pleading requirements and demands information that is more appropriately obtained through discovery. *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp.

2d 22, 33 (D. Mass. 2000); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (describing pleading requirements in great detail). Here, as set forth in greater detail below, all of the counts of the counterclaim are pleaded sufficiently under Rule 12(e).

### C. Rule 12(b)(6)

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 662 , 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiffs' well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## II. Analysis

### A. Counterclaim Counts 1 - 5

Plaintiffs contend that counterclaim Counts 1 - 5, which seek declaratory judgments as to the ownership of the mark "J. Geils Band" and about certain statements of John Geils concerning to the mark, are duplicative of counts in their own complaint, because defendants seek relief that would be attained simply by the Court denying the complaint's prayer for relief.  However, upon closer examination, defendants are not seeking merely the opposite effect of the complaint.  (*See* Opp. to Mot. to Dis. at 2-3).  Plaintiffs are seeking a declaration either that John Geils and Francesca Records own the mark, or that defendants have no right to it.  Defendants are seeking a declaration that they are the exclusive owners of the trademark.  A jury could find (for example) that plaintiffs had not proved either claim by a preponderance of the evidence without making an implicit finding that defendants have exclusive right to the mark.  Defendants are thus not merely requesting that the Court deny the plaintiffs' claims, but are seeking a specific finding and affirmative declaration as to their ownership of the mark and plaintiff Geils's alleged material misstatements about use of the mark and his rights to it.  Accordingly, counterclaim counts 1-5 will not be struck as duplicative of the complaint.

Plaintiffs also contend that counterclaim Counts 1 - 5 are duplicative of counterclaim Count 8, which seeks cancellation of the mark registered by John Geils and Francesca Records.  Plaintiffs contend that the counts are duplicative because counterclaim Counts 1-5 relate to the truth, or falsity, of statements made in the process of obtaining that registration—facts that are germane to whether the trademark should be cancelled as requested by counterclaim Count 8.  They thus contend that the counts share the same substantive allegations.  As defendants rightly

point out, there is no rule that prohibits the pleading of separate elements of claims in separate counts; indeed, Fed. R. Civ. P. 8 specifically permits a party to state as many separate claims or defenses as it has, regardless of inconsistency.  Accordingly, counterclaim Counts 1 - 5 will not be struck as duplicative of counterclaim Count 8.

Lastly, plaintiffs contend that counterclaim Counts 1 - 5 should be struck because they seek contradictory forms of relief.  This is not a proper basis for the Court to strike a matter from a pleading.  As Fed. R. Civ. P. 8(a)(3) clearly provides, it is entirely permissible for a party to pursue multiple theories of relief, "which may include in the alternative or different types of relief."  Accordingly, counterclaim Counts 1 - 5 will not be struck on the ground that they may contradict one another.

### B.    Counterclaim Counts 6 - 11

Plaintiffs contend that counterclaim Counts 6 - 11 are vage and ambiguous, and thus a more definite statement is required in order for plaintiff to make a proper response.  *See* Fed. R. Civ. P. 12(e).  Despite this contention, plaintiff nonetheless answered the counterclaim on April 16, 2013.  There is support for the proposition that by responding to a claim, a party waives its right to argue that the claim is too vague and ambiguous to permit a reasonable response.  *See Minkoff v. Stevens Jrs., Inc.*, 260 F.2d 588 (2d Cir. N.Y. 1958) ("the defense that a petition is stated in such general terms as to deprive the alleged bankrupt of adequate notice of what acts of bankruptcy are alleged is a defense which is waived by answer, since the fact that he answered the petition is itself sufficient evidence that he was able, despite its vagueness, to answer or deny the allegations.").  In any event, the Court has reviewed the counts of the counterclaim, and they do not appear to be particularly vague or ambiguous, and appear to comply with the pleading

requirements set forth in *Iqbal* and *Twombly*.  See *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544. Accordingly, the Court will not require more definite statements of counterclaim Counts 6 - 11.

### C.     Counterclaim Count 9

Plaintiffs finally contend that counterclaim Count 9 fails to state a claim upon which relief can be granted, presumably seeking its dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Counterclaim Count 9 alleges violations of Mass. Gen. Laws ch. 93A.  Defendants allege that John Geils and Francesca Records improperly used a trademark owned by T&A over the objection of other shareholders of T&A.  They also contend that Geils and Francesca Records registered the mark "J. Geils Band" with full knowledge that they had no right to such mark and to the detriment of the other shareholders of T&A.

Under chapter 93A, conduct is unfair or deceptive if it falls "within any recognized or established common law or statutory concept of unfairness."  *VMark Software v. EMC Corp.*, 37 Mass. App. Ct. 610, 620 (1994).  Actionable conduct under the statute encompasses "[a]ctions involving fraudulent representations in knowing disregard of the truth," *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 780 (1986), and "conduct 'in disregard of known contractual arrangements' and intended to secure benefits for the breaching party." *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 474 (1991) (quoting *Wang Labs., Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 857 (1986)).

Here, the allegations of counterclaim Count 9, when read in the light most favorable to the counterclaimants, appear to plead a sufficent claim under section 11 of chapter 93A. Accordingly, the Court will not dismiss counterclaim Count 9.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to dismiss or strike, or, in the alternative, for a more definite statement is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated:  July 12, 2013 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |